IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01758–REB–KMT

JANET L. WALCOTT,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
COMMISSIONER OF INTERNAL REVENUE,

    Defendants.

## ORDER

This matter is before the court on the "United States' Motion to Stay Discovery Pending a Ruling on the Government's Motion to Dismiss." (Doc. No. 26, filed Mar. 16, 2015.) For the following reason, the Government's Motion to Stay is GRANTED.

In her Civil Complaint, filed Plaintiff alleges that Defendants improperly sent a Notice of Level to the Colorado Public Employee's Retirement Association (PERA) for purposes of collecting on Plaintiff's outstanding tax liabilities for 2003 through 2007 and civil penalties for 2005 and 2007. (*See* Compl., Doc. No. 1.) On October 22, 2014, the Government filed a Motion to Dismiss arguing that the court lacks jurisdiction over this matter because Plaintiff failed to commence this action within two years of when the levy was commenced. (Doc. No. 9.) The Government now argues that the court should stay all discovery in this action until ruling on its Motion to Dismiss is issued.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed.2010). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir.

2

2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

Indeed, a lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.* As such, decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted. *See Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987)).

Plaintiff has represented, through her husband, that she does not oppose the Government's Motion to Stay. As such, any prejudice to Plaintiff does not weigh heavily in the court's analysis. Moreover, the court finds that any potential prejudice to Plaintiff is outweighed

by the burden on the Government if it is forced to proceed with discovery where the court's subject matter jurisdiction is in question.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety on the grounds raised in the Government's Motion to Dismiss. See *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D.689, 692 (M.D. Fla. 2003) (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

ORDERED that the "United States' Motion to Stay Discovery Pending a Ruling on the Government's Motion to Dismiss" (Doc. No. 26) is GRANTED. All discovery in this matter is hereby STAYED pending ruling on the Government's Motion to Dismiss. The Final Pretrial Conference set for August 13, 2015 is VACATED. It is further

ORDERED that the parties shall file a Status Report within ten days of ruling on the Motion to Dismiss to advise if a renewed scheduling conference should be set.

Dated this 1st day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge