IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–01758–REB–KMT

JANET L. WALCOTT,

      Plaintiff,

v.

UNITED STATES OF AMERICA, and
COMMISSIONER OF INTERNAL REVENUE,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on the United States' Motion to Dismiss.  (Doc. No. 9,

filed Oct. 22, 2014.)  For the following reason, the court RECOMMENDS that the Government's

Motion to Dismiss be GRANTED.

### FACTUAL BACKGROUND

      The following facts are taken from Plaintiff's Civil Complaint.  (Doc. No. 1, filed June

24, 2014.)  Plaintiff has received retirement checks from the Colorado Public Employees'

Retirement Association ("PERA") since 2012.  (Compl. at 2.)  On March 2, 2012, PERA

received an IRS Form 668-A "Notice of Levy" from the Internal Revenue Service dated

February 29, 2012.  (*Id.* at 2, Ex. 1.)  The Notice of Levy sought to collect on Plaintiff's

outstanding tax liabilities for 2002 through 2007, as well as civil penalties for 2005 and 2007. (*Id.*)

Based on the Notice of Levy, the IRS has been levying 100% of Plaintiff's monthly PERA benefits.  (*Id.* at 2.)  According to Plaintiff, the IRS has levied $167,313.21 from her PERA benefits to date and this amount increases with each passing month.  (*Id.* at 4.)

On July 27, 2013, pursuant to 28 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(e), Plaintiff sent a letter to the IRS outlining her grievances regarding the levying of her PERA benefits.  (*Id.* at 2-3.)  Plaintiff asserts that the IRS ignored this "administrative petition".  (Decl. of Janet Walcott, Doc. No. 24-1, ¶ 11.)  Plaintiff maintains that she has therefore exhausted her administrative remedies before the IRS, and that this case is ripe for adjudication by this court. (Compl. at 3.)

## PROCEDURAL HISTORY

In her Complaint, filed June 24, 2014, Plaintiff alleges that the IRS was not entitled to levy, and therefore PERA was not required to turn over Plaintiff's retirement benefits, because the Notice of Levy was "self-voiding *ab initio.*"  (*Id.* at 4.)  More specifically, Plaintiff alleges that, even though the Notice of Levy provides that "[t]his levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control unless it is signed in the block to the right," the block to the right of this provision was not signed.  (*Id.*)

Additionally, Plaintiff alleges that the IRS failed to send any statutory notices of deficiencies from 2002 through 2007 to Plaintiff's last known address, which deprived her of the

right to contest the amount or existence of her tax liabilities.  (*Id.*)  Finally, Plaintiff alleges that

the IRS failed to issue any notice and demand for payment pursuant to 26 U.S.C. § 6303 with

respect to the tax liabilities collected from her PERA benefits.  (*Id.*)

Plaintiff seeks (1) a declaration that the IRS illegally levied 100% of her monthly PERA

benefits between April 2012 and the present, (2) an order directing the IRS to discontinue any

and all levies on her PERA benefits, and (3) restitution for and interest on all PERA benefits

levied by the IRS.  (*Id.* at 4-5.)

The United States' Motion to Dismiss was filed on October 22, 2014.  The Government

argues that the court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff's Brief in Opposition to the

Government's Motion to Dismiss was filed on November 20, 2014 (Doc. No. 24) and the

Government's Reply was filed on November 26, 2014 (Doc. No. 25).  Accordingly, this matter is

ripe for review and recommendation.

**LEGAL STANDARDS**

*1.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2.     *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that

dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice

is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v.

Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

*A.*      ***Jurisdiction over Assessment Activities***

The United States argues that the court lacks jurisdiction over Plaintiff's claim that the

IRS failed to send any statutory notices of deficiency between 2002 and 2007 as required by 26

U.S.C. § 6212 because noticing deficiencies is part of the assessment process and therefore does

not constitute collections activity. The court agrees.

26 U.S.C. § 7433(a), known as the Taxpayer's Bill of Rights, authorizes a taxpayer to

seek damages for the IRS' alleged disregard of a tax law or regulation in collecting a tax.

*Overton v. United States,* No. 99-2069, 2000 WL 14274, at *3 (10th Cir. Jan. 7, 2000)

(unpublished table opinion). Section 7433(a) specifically provides:

> If, in connection with any *collection* of Federal tax with respect to a taxpayer, any officer
> or employee of the Internal Revenue Service recklessly or intentionally, or by reason of

5

negligence, disregards any provision of this title, or any regulation promulgated under
this title, such taxpayer may bring a civil action for damages against the United States in
a district court of the United States.

26 U.S.C. § 7433(a) (emphasis added).

"Section 7433 constitutes a limited waiver of sovereign immunity.  Consequently,
allegations falling outside the scope of the statute do not merely fail to state a claim on the
merits, but fail to invoke the subject matter jurisdiction of the courts."  *Gass v. U.S. Dep't of
Treasury,* No. 99-1179, 2000 WL 743671, at *2 (10th Cir. 2000).

"A claim that the IRS failed properly to notice deficiencies addresses the merits of an
assessment."  *Bjerke v. Freemyer,* 25 F. App'x 577, 578 (9th Cir. 2001).  "[T]ax assessments do
not constitute collection activities and, thus, assessment objections do not invoke jurisdiction
under § 7433."  *Gass*, 2000 WL 743671, at *2.   As a consequence, the court finds it lacks
jurisdiction to consider Plaintiff's claim that the IRS failed to send any notice of deficiencies to
her last known address between 2002 and 2007.  *Bjerke,* 25 F. App'x at 579.

**B.**     ***Limitations Period for Claims under § 7433***

The United States argues that Plaintiff's claims that arise under § 7433 must be dismissed
for lack of subject matter jurisdiction because Plaintiff did not file her Complaint within two
years after the IRS began levying her PERA retirement benefits.  The court agrees.

Section 7433(d) requires the taxpayer to bring suit within two years "after the date the
right of action accrues."  26 U.S.C. § 7433(d)(3).  "Because the 'time bar qualifies a waiver of

6

sovereign immunity,' it is jurisdictional in nature."[1]  *Overton,* 2000 WL 14274, at *2 (citing

*Dahn,* 127 F.3d 1249, 1252 (10th Cir. 1997)).

"The IRS regulations implementing Section 7533(d)(3) provide that the right of action

'accrues when the taxpayer has had a reasonable opportunity to discover' every element of the

cause of action."  *Keohane v. United States,* 669 F.3d 325, 329 (D.C. Cir. 2012) (quoting 26

C.F.R. § 301.7433-1(g)(2)).  "The language in the regulation—a 'reasonable opportunity'—sets

a relatively low bar."  *Id.*  Courts have found this "reasonable opportunity" language "bars a suit

if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an

investigation that would likely uncover the requisite facts."  *Id.* (internal quotations and citation

omitted).  The Tenth Circuit has held that a claim under § 7433 ordinarily accrues when the levy

commences.  *Shipley v. I.R.S,* No. 05-3273, 2006 WL 497720, at *1 (10th Cir. 2006)

(unpublished table opinion) (citing *Gandy Nursery, Inc. v. United States,* 318 F.3d 631, 637 (5th

Cir. 2003)).

Here, the IRS issued the Notice of Levy on March 2, 2012, the IRS has been levying

100% of Plaintiff's PERA benefits since April 2012.  (Compl. at 2.)  Thus, the levy commenced

no later than April 2012.

---

[1] In light of recent Supreme Court jurisprudence, several decisions have concluded that the statute of limitations found at § 7433(d)(3) is not jurisdictional, but instead operates as a statute of limitations.  *Keohane v. United States,* 669 F.3d 325, 330 (D.C. Cir. 2012); *Hoogerhide v. IRS,* 637 F.3d 634, 636 (6th Cir. 2011).  The court need not resolve this issue.  As discussed *infra,* Plaintiff admits in her Complaint that the IRS began levying her PERA retirement benefits in April 2012.  As such, Plaintiff's Complaint is properly dismissed even if § 7433(d)(3) constitutes an affirmative defense, rather than a jurisdictional bar.  To hold otherwise would allow a plaintiff to unreasonably delay an inquiry into the basis for a levy, which would be contrary to the "reasonable opportunity" standard discussed *infra.*

Further, Plaintiff admits she did not receive a retirement check in April 2012. (*Id.*) As such, at that time, Plaintiff was presented with a reasonable opportunity to launch an investigation that would likely uncover the IRS levy and the basis for her claims.[2]

The court thus finds that Plaintiff's claims accrued in April 2012. As a consequence, Plaintiff was required to file suit no later than April 2014. Because Plaintiff's Complaint was not filed until June 24, 2014, it is untimely.

**B.      *Equitable Tolling*[3]**

Plaintiff argues that, even if her § 7433 claims are untimely, she should be entitled to equitable tolling of § 7433(d)(1)'s limitation period during the time she was exhausting her administrative remedies before the IRS. The court disagrees.

"In some situations, the 'timely and diligent exhaustion of administrative remedies' can provide a later date for tolling the statute of limitations.'" *Steffey v. Sirmons,* 273 F. App'x 748, 751 (10th Cir. 2008) (quoting *Dulworth v. Evans,* 442 F.3d 1265, 1268 (10th Cir. 2008))

---

[2] Plaintiff relies on *Keohane* to argue that the § 7433(d)(3) two-year statute of limitations only begins to run when a taxpayer receives actual notice of the levy. In *Keohane,* the D.C. Circuit did conclude, *on the facts in that case*, that the taxpayer had reasonable opportunity to learn of an allegedly excessive levy "[a]s soon as he knew of that levy." 669 F.3d at 329. However, the *Keohane* court did not foreclose that a "reasonable opportunity" could occur at an earlier juncture. Indeed, under the "reasonable opportunity" standard, the statute of limitations begins to run when the plaintiff has "such notice as would lead a reasonable person either to sue or to launch an investigation that would like uncover the requisite facts." *Id.* After review of the facts in this case, and in light of the Tenth Circuit's holding in *Shipley,* the court concludes that the "reasonable opportunity" occurred at the time the levy commenced or, at the latest, when Plaintiff realized she had not received an April 2012 retirement check.

[3] Equitable tolling cannot be used to overcome a jurisdictional bar. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 121 (2002) (contrasting "jurisdictional prerequisite[s] to filing" with "requirement[s] subject to waiver, estoppel, and equitable tolling.") However, as discussed in footnote 1 *supra,* § 7433(d)(3)'s limitations period may be akin to a statute of limitations, which is subject to equitable tolling, rather than a jurisdictional bar. In light of this uncertainly, the court elects to address Plaintiff's equitable tolling argument.

(discussing equitable tolling for administrative exhaustion in the context of *habeas corpus* relief under 28 U.S.C. § 2241). However, under "long settled equitable tolling principles[,] '[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstances stood in h[er] way.'" *Credit Suisse Sec. (USA) v. Simmonds,* --- U.S. ----, 132 S. Ct. 1414, 1420 (2012) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The court finds that Plaintiff cannot satisfy either of these elements and, therefore, is not entitled to equitable tolling.

The court begins with the second equitable tolling factor. While § 7433(d)(1) provides that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available . . . within the Internal Revenue Service," a review of the IRS regulation governing exhaustion demonstrates that, in reality, administrative exhaustion does not constitute a barrier to filing suit in federal court. In pertinent part, that regulation provides as follows:

> [N]o action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:
>
> (i) The date the decision is rendered on [an administrative claim] filed in accordance with paragraph (e) of this section; or
>
> (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.
>
> (2) If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations.

26 C.F.R. § 301.7433-1(d)(1)-(2).

Stated in more simple terms, the regulation provides that a plaintiff 'exhausts' her administrative remedies and can file a federal § 7433 action in court:

(1) once a decision is rendered on the administrative claim (assuming that occurs prior to the expiration of the two-year limitations period);

(2) once an administrative claim has been pending for six months; or

(3) if the administrative claim was filed during the last six months of the two-year limitations period, at any time after the administrative claim is filed.

*Tenpenny v. United States,* 490 F. Supp. 2d 852, 858 (N.D. Ohio 2007). "The second and third options afford plaintiffs the ability simultaneously to pursue their administrative claims and their federal lawsuits if that is necessary to their compliance with the two-year limitations period for filing [a] § 7433 action." *Id.* As such, administrative exhaustion before the IRS did not stand in the way of Plaintiff filing this action. Stated differently, "tolling is unnecessary in light of the above options for satisfying the exhaustion requirement." *Id.*

Moreover, even if the second equitable tolling factor could be satisfied, Plaintiff fails to show that she pursued her rights diligently. Plaintiff sent her grievance letter to the IRS on July 27, 2013. Under 26 C.F.R. § 301.7433-1(d)(1)(ii), Plaintiff was permitted to file this action six months later, or on or about January 27, 2014, regardless of whether she received a response from the IRS. However, Plaintiff waited an additional five months before filing her Complaint. As such, because Plaintiff did not diligently pursue her claims after they were exhausted, she is not entitled to equitable tolling. *Cf. Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith,* 477 F.3d 1155, 1158 (10th Cir. 2007) (equitable tolling not available where a plaintiff had "ample opportunity"—one month—to file a motion to vacate in a timely

10

fashion, even though "he had no way of knowing about" the grounds for the motion until two months of the applicable three-month time limit had already elapsed.).

Altogether, the court finds that Plaintiff's Complaint was filed outside of the two-year limitations period set forth in § 7433(d)(3) and Plaintiff is not entitled to equitable tolling. Accordingly, the court finds that Plaintiff's § 7433 claims are properly dismissed as time-barred.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the United States' Motion to Dismiss (Doc. No. 9) be GRANTED and that Plaintiff's Complaint be DISMISSED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge