**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14–cv–01758–REB–KMT

JANET L. WALCOTT,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
COMMISSIONER OF INTERNAL REVENUE,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **United States' Motion To Dismiss** [#9][1] filed October 22, 2014; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#29] filed June 19, 2015. The plaintiff filed objections [#30] to the recommendation, and the defendant filed a response [#31] to the objections. I overrule the objections, approve and adopt the recommendation, and grant the motion to dismiss.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Janet Walcott, challenges a levy imposed by the United States Internal Revenue Service (IRS).  Beginning sometime in 2012, the plaintiff began to receive retirement checks from the Colorado Public Employees' Retirement Association (PERA).  On March 2, 2012, PERA received from the IRS a Notice of Levy.  Via the levy, the IRS sought to collect outstanding tax liabilities of the plaintiff for the years 2002 through 2007, and civil penalties for the years 2005 through 2007.

Pursuant to the Notice of Levy, the IRS has been levying 100 percent of the monthly PERA benefits of Ms. Walcott.  On July 27, 2013, Ms. Walcott sent a letter to the IRS challenging the levy.  She claims this suffices to exhaust her administrative remedies concerning the levy.  She seeks a declaration that the IRS illegally levied her PERA benefits, an order directing the IRS to discontinue the levy, and restitution of amounts already collected under the levy.

For the reasons detailed by the magistrate judge, the motion to dismiss must be granted, and, concomitantly, this case must be dismissed.  To the extent Ms. Walcott alleges that the IRS did not send adequate notices of deficiencies, this court does not have jurisdiction over the claims asserted in the complaint.  The limited waiver of sovereign immunity stated in 26 U.S.C. § 7433(a) does not include such alleged deficiencies of notice, and there is no other valid basis for jurisdiction over this claim.

Considering the other claims of Ms. Walcott, they were asserted in this case after

2

the applicable two year period of limitations expired.  There is no basis to toll equitably that period of limitations. Thus, the other claims of Ms. Walcott are barred by the applicable period of limitations.

I overrule the objections of the plaintiff on both procedural and substantive grounds. Procedurally, the objections of the plaintiff [#30] were filed after the expiration of the deadline to file objections to the recommendation [#29].  On this basis alone, the objections are overruled.  Substantively. even if the objections had been timely filed, the plaintiff presents no valid challenge to the reasoning and conclusions of the magistrate judge.

The plaintiff claims she made efforts to exhaust administrative remedies.  If so, that has no impact on the bases for the recommendation.  The plaintiff claims the IRS has fraudulently converted her PERA benefits and has thus impaired her ability to hire counsel and present her claims.  These assertions do not provide a valid basis for equitable tolling of the period of limitations or for any other relief – legal or equitable.

Finally, the plaintiff attaches to her objections a purported joinder in a purported criminal complaint for fraud and a variety of other documents.  The attachments to the objection [#30] total over 300 pages.  The plaintiff makes no effort to state how these 300 pages are relevant in any way to the objections she asserts.  Thus, the objections [#30] are overruled.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#29] filed June 19, 2015, is approved and adopted as an order of this court;

2. That the objections [#30] are overruled;

3. That under Fed. R. Civ. P. 12(b)(1) and (6), the **United States' Motion To**

3

Dismiss [#9] filed October 22, 2014, is granted;

 4. That judgment shall enter in favor the defendant, the United States of America, and against the plaintiff, Janet L. Walcott;

 5. That the defendant is awarded its costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

 6. That this case is dismissed with prejudice; and

 7. That this case is closed.

Dated September 18, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge